IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| Plaintiff, | ) ) ) | |
| V. | ) ) | Case No. **10-cr-30068-MJR** |
| **BLAKE JOSEPH YOUNG**, | ) ) ) | |
| Defendant. | ) | |

## ORDER

**REAGAN, District Judge:**

Before the Court are two letters from Defendant Blake Joseph Young, which are construed as motions for appointment of counsel and for provision of copies of the case file (Docs. 47 and 48).

A review of the record reveals that in August 2010 Young pleaded guilty to child pornography charges, and he was subsequently sentenced to 300 and 120-month concurrent terms of imprisonment. In July 2011, the Court of Appeals for the Seventh Circuit dismissed Young's direct appeal. Young, dissatisfied with his attorney's representation, now requests the appointment of counsel "to pursue other legal remedies." He is currently housed in the Madison County Jail, with limited access to the law library. Young also requests a complete copy of his case file, and his "motion for discovery." Young also questions why the Court has not answered any of his letters.

Young's criminal case is closed. He is free to pursue civil remedies, such as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2255, but there is no constitutional right to counsel for such collateral proceedings. *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir.

1

1992). Although Young's access to the law library may be limited, he has not indicated that he is unable to prepare such a petition without the assistance of counsel.

The Clerk of Court has already forwarded to Young a copy of the docket sheet for his criminal case. If copies of specific documents are required, Young will have to pay for the copies (50¢ per page). Particular documents can be identified by using the docket sheet, and Young can then correspond with the Clerk of Court regarding the total cost. Upon receipt of payment, the copies will be forward to Young. Young specifically requests a copy of his "motion of discovery," which does not exist in the Court file. The case filed kept by defense counsel may contain documents and information not contained in the Court's case file. Young should write to defense counsel regarding such materials.

The Court does not correspond directly with litigants; however, a litigant may file a motion with the Court. Accordingly, when a letter was received from Young in June 2011, his attorney of record, Mr. Kavanaugh, was alerted. Young's two most recent letters are construed as pro se motions and are addressed by this Order. No other correspondence has been received from Young.

In his most recent letter, Young cautions the Clerk of Court about "giving him any more crap" about the Local Rules. The Court will not tolerate such disrespect. In the future, any document or pleading with such a tone will be returned and/or struck from the record.

**IT IS THEREFORE ORDERED** that Defendant Young's motions for appointment of counsel and for copies (Docs. 47 and 48) are **DENIED** in all respects.

The Clerk of Court shall send a copy of this Order and a Section 2255 petition form

and instruction sheet to Young at the Madison County Jail.

**IT IS SO ORDERED.**

**DATED: November 16, 2011**

                                             **s/** *Michael J. Reagan*
                                             **MICHAEL J. REAGAN**
                                             **UNITED STATES DISTRICT JUDGE**